IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 7:17-cv-492-EKD |
| | ) | |
| | ) | |
| EASEMENTS TO CONSTRUCT, OPERATE, | ) | By: Elizabeth K. Dillon |
| AND MAINTAIN A NATURAL GAS | ) | United States District Judge |
| PIPELINE OVER TRACTS OF LAND IN | ) | |
| GILES COUNTY, CRAIG COUNTY, | ) | |
| MONTGOMERY COUNTY, ROANOKE | ) | |
| COUNTY, FRANKLIN COUNTY, AND | ) | |
| PITTSYLVANIA COUNTY, VIRGINIA, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 7:22-cv-313 |
| | ) | |
| | ) | |
| 0.25 ACRES OF LAND, OWNED BY ROY | ) | |
| DOWDY OR UNKNOWN HEIRS OR | ) | |
| ASSIGNS OF ROY DOWDY, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 7:22-cv-315 |
| | ) | |
| | ) | |
| 0.24 ACRES OF LAND, OWNED BY TARTLE, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 7:22-cv-316 |
| | ) | |
| | ) | |
| 0.01 ACRES OF LAND, OWNED BY CORA LEE SMITH, RUBY J. SMITH, GENE E. SMITH, GENA D. REED, BETHANY A. SMITH, AND JOHN ERIK SMITH, | ) ) ) ) ) | |
| Defendants. | ) | |
| | | |
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 7:22-cv-333 |
| | ) | |
| | ) | |
| 0.21 ACRES OF LAND, OWNED BY WILLIAM J. CORRELL AND NADINE E. CORRELL, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

2

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 7:22-cv-321 |
| | ) | |
| | ) | |
| 3.05 ACRES OF LAND, OWNED BY ANN C. CLEMENTS AND MARY ARRINGTON CLEMENTS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 7:22-cv-323 |
| | ) | |
| | ) | |
| 0.16 ACRES OF LAND, OWNED BY CHRISTINE JEANNETTE DAVIS, | ) ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 7:22-cv-330 |
| | ) | |
| | ) | |
| 0.30 ACRES OF LAND, OWNED BY GWENDOLYN F. GREEN UNKNOWN HEIRS AND ASSIGNS OF THE FOLLOWING LAURA JONES, LIZZIE JONES, JESSIE JONES, ANNIE JONES, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

3

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,  )<br>  )<br>    Plaintiff,  )<br>  )<br>  )<br>v.  )<br>  )<br>  )<br>0.08 ACRES OF LAND, OWNED BY  )<br>BARBARA SLOAN FITZGERALD, CHERYL  )<br>FERGUSON, STEPHANIE L. WALDEN,  )<br>ARETHA JO FITZGERALD, BARBARA A.  )<br>FITZGERALD, JAMES FITZGERALD, RUBY  )<br>FITZGERALD, LOIS MARIE FITZGERALD,  )<br>BARBARA ANN FITZGERALD, CARABELL  )<br>FITZGERALD, UNKNOWN HEIRS AND  )<br>ASSIGNS OF FOREST FITZGERALD,  )<br>MILDRED FITZGERALD, DOUGLAS  )<br>FITZGERALD, DOUGLAS FIZGERALD, JOE  )<br>LOUIS FITZGERALD, FOREST FITZGERALD,  )<br>JR., *et al.*,  )<br>  )<br>    Defendants.  )  | Case No. 7:22-cv-335 |

**MEMORANDUM OPINION**

Plaintiff Mountain Valley Pipeline (MVP) is constructing an interstate natural gas pipeline. MVP commenced a condemnation action under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, to acquire permanent and temporary easements on numerous properties. *See generally Mountain Valley Pipeline LLC v. Easements to Construct*, Civil Action No. 7:17-cv-492 (W.D. Va.). Individual cases were subsequently opened as to many of the properties, including those additional cases listed above.

For all of the properties and individual cases listed above, MVP has moved for summary judgment on the amount of just compensation against certain defendants who have not answered or otherwise defended (the Non-answering Defendants). (Case No. 7:17-cv-492, Dkt. No. 1639.) For the same basic reasons set forth in MVP's supporting memorandum (Dkt. No. 1640),

4

summarized herein, the court concludes that MVP is entitled to summary judgment against the Non-answering Defendants.[1] Thus, the motion for summary judgment will be granted in each case and a separate order entered for each.

## I. BACKGROUND

There are ten tracts of property (1 each in six of the above cases, and 2 each in two of the above cases) for which no answer has been filed on behalf of one or more of the persons who MVP has identified as having an interest in the property. The time for responding under Rule 71.1(e), however, has expired. MVP's supporting memorandum, which includes the sworn declaration of Hank Detherage (Dkt. No. 1640-1), reflects that each of the Non-answering Defendants was properly served by some appropriate method—publication, posting, service on the Secretary of the Commonwealth, or personal service—depending on the persons or entities with an interest in the properties. (*See* Mem. Supp. Mot. Summ. J. 5–9.)

On January 31, 2018, the court issued a memorandum opinion and an order granting MVP's motion for partial summary judgment and conditionally granting MVP's motion for immediate possession of the properties upon a determination of appropriate security. (Dkt. Nos. 339, 340.) Thereafter, based primarily on appraisals provided by MVP, the court set deposits and bonds for all of the tracts and granted MVP immediate possession effective upon its making the required deposit and posting the required bond. None of the Non-answering Defendants have drawn down any of these funds.

For the values it offers as to just compensation, MVP relies on the opinions of the same appraisers who had appraised the properties in 2018 for purposes of determining deposits and bond amounts. Those appraisals include the rental value of any temporary easements taken, and

---

[1] Citations to the relevant documents and other portions of the record, including appraisals, are contained within MVP's supporting memorandum and are incorporated by reference herein.

for rental periods, it includes values for both three-year and six-year periods. MVP's appraisals also include any damages to the remainder of certain tracts caused by any permanent MVP easements.

For some of the properties, subsequent developments meant that MVP did not actually need or use the temporary or permanent easements sought. MVP states that it is nonetheless willing to pay the amount of just compensation for those easements as determined by its appraisers.

## II. DISCUSSION

### A. Summary Judgment

Parties in condemnation proceedings may move for summary judgment pursuant to Rule 56 because Rule 71.1 does not provide otherwise. *United States v. 8.929 Acres*, 36 F.4th 240, 251–52 (4th Cir. 2022). Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

Summary judgment is appropriately granted in a condemnation case when there is no genuine issue of material fact regarding the fair market value of the property to be taken. *See Equitrans, L.P. v. 0.56 Acres*, No. 1:15-cv-106, 2016 WL 3982479, at *1 (N.D.W. Va. July 22, 2016) ("Several courts have granted summary judgment for plaintiffs in

condemnation actions regarding the amount of just compensation owed where there was no genuine issue of material fact regarding the fair market value of the property to be taken.") (collecting cases); *MVP v. 1.89 Acres of Land* (*Briarwood*), Civil Action No. 7:19-cv-00078, 2019 WL 6467833, at *3 (W.D. Va. Dec. 2, 2019) (granting motion for summary judgment because without "any indication that these witnesses will testify about market value, there is no basis to find that there is a genuine issue of material fact on the before and after value of Briarwood's property").

Here, MVP has come forward with an appraisal for each property that it offers as evidence of just compensation for the easements taken. Just as they did not respond to the original complaint, the Non-answering Defendants have not responded to the motion for summary judgment, and the time for doing so has passed. Thus, the court concludes that there is no genuine issue of material fact as to the just compensation owed to those defendants, and compensation may be granted in the amounts determined by MVP's appraisers. *See Dominion Energy Transmission, Inc. v. 3.71 Acres*, No. 1:18-cv-26, 2020 WL 127986, at *2 (N.D. W. Va. Jan. 10, 2020) (granting summary judgment and awarding compensation in amount determined by gas company's expert where defendants did not answer or appear); *Atl. Coast Pipeline, LLC v. 1.52 Acres*, No. 3:17-cv-814, 2019 WL 148402, at *3, 6–8 (E.D. Va. Jan. 9, 2019) (awarding compensation in amount determined by ACP's expert where defendants did not answer or appear); *U.S. for Use of TVA v. Tree Removal Rights*, No. 3:17-CV-123, 2018 WL 6072008, at *2–3 (N.D. Miss. Nov. 19, 2018) (granting summary judgment on amount of compensation to condemning party where landowner failed to sustain his burden of establishing the value of the property); *Columbia Gas Transmission Corp. v. An Easement to Construct, Operate and Maintain a 20-Inch Gas Transmission Pipeline*, No. 16-cv-1243, 2017 WL 1355418, at *1 (W.D.

Pa. Apr. 13, 2018) (same); *United States v. 1.31 Acres*, No. 12-cv-2845, 2013 WL 2289880, *4 (W.D. Tenn. May 23, 2013) (same).

Because MVP uses the higher value in its proposed orders, the court also will use a six-year rental term, as opposed to a three-year term, for temporary easements for which the appraiser has calculated just compensation based on rental value. That is more consistent with the time that MVP's has had access to the easements, which occurred after the court set deposits and bond amounts in March 2018.

**B. Court's Findings as to Just Compensation for Non-answering Defendants**

Based on the undisputed appraisals provided by MVP, the court will award just compensation to the Non-answering Defendants as follows:

1. **Case No. 7:22-cv-00313, Property VA-GI-5884 (Unknown Heirs or Assigns of Roy Dowdy)**

This property is owned by the Unknown Heirs or Assigns of Roy Dowdy. The court finds that the just compensation for the 0.25 acres of temporary access easement is a rental value for a six-year term of $180.

2. **Case No. 7:22-cv-315, Property VA-MO-5369 (Tartle LLC)**

This property is owned by Tartle, LLC. The court finds that the just compensation for the 0.24 acres of temporary access easement is a rental value for a six-year term of $254.

3. **Case No. 7:22-cv-316, Property VA-MO-5381 (Gene Smith, et al.)**

This property is owned by multiple parties, but MVP has acquired all interests in the easement on the tract by agreement except for that of Bethany Smith Epperly f/k/a Bethany A. Smith, who owns a one-third interest. The court finds that the just compensation for the 0.01 acres temporary access easement is $12, which is the rental value of the land subject to the easements for a six-year term. Just compensation for Ms. Smith's interest is $4 ($12 x 1/3).

4. **Case No. 7:22-cv-333, Property 1 of 2, VA-RO-5783 (William J. Correll, Sr. and Nadine E. Correll)**

This property is owned by William J. Correll, Sr. and Nadine E. Correll. Due to subsequent developments, VA-RO-5783 is no longer needed for the MVP project. Nonetheless, MVP is willing to pay the full amount of its appraisal on the tract in just compensation, which the court finds is $1,323 for the temporary/permanent access easement of 0.21 acres.

5. **Case No. 7:22-cv-333, Property 2 of 2, VA-RO-5784 (William J. Correll, Sr. and Nadine E. Correll)**

This property is owned by William J. Correll, Sr. and Nadine E. Correll. Due to subsequent developments, VA-RO-5784 is no longer needed for the MVP project. Nonetheless, MVP is willing to pay the full amount of its appraisal on the tract in just compensation, which the court finds is $1,980 for the temporary/permanent access easement of 0.11 acres.

6. **Case No. 7:22-cv-321, Property VA-FR-179 (Ann C. Clements)**

This property is owned by Ann C. Clements.[2] The court finds that just compensation for MVP's permanent easement of 1.22 acres is $4,392 and that just compensation for damages to the remainder is $16,536. The court further finds that the just compensation for two temporary workspaces of 1.55 acres and 0.28 acres is $3,514, which is the rental value of the land subject to the easements for a six-year term. The total just compensation is $24,442.

7. **Case No. 7:22-cv-323, VA-FR-5417 (Christine Jeannette Davis)**

This property is owned by Christine Jeannette Davis. Due to subsequent developments, VA-FR-5417 is no longer needed for the MVP project. Nonetheless, MVP is willing to pay the full amount of its appraisal on the tract in just compensation, which the court finds is $768. This

---

[2] When MVP initially filed the action, it also identified Mary Arrington Clements as a person having an interest in this parcel, but Mary Arrington Clements passed away during the pendency of this action, and her sole heir is Ann C. Clements.

amount in the rental value of the land subject to the temporary access easement of 0.16 acres, for a six-year term.

8. **Case No. 7:22-cv-330, Property VA-PI-095 (Gwendolyn F. Green, et al.)**

This property is owned by multiple parties, but MVP has acquired all interests in the easements on the tract by agreement except for those of Angela Clark, who owns a 4/48 interest, and Roger Jones, who owns a 1/48 interest.

The court finds that just compensation for the permanent easement of 0.03 acres is $243 and damages to the remainder is $2,619. Additionally, just compensation for the temporary workspace easements of 0.05 acres and 0.22 acres is $1,166, which is the rental value of the land subject to the easements for a six-year term. The total compensation is therefore $4,028.

Just compensation for the interest of Ms. Clark is $335.67 ($4,028 x 4/48), and just compensation for the interest of Mr. Jones is $83.92 ($4,028 x 1/48).

9. **Case No. 7:22-cv-335, Property 1 of 2, VA-PI-4157 (Barbara Sloan Fitzgerald, et al.)**

This property is owned by multiple parties, but MVP has acquired all interests in the easement on the tract by agreement except for the interests of Carabell Fitzgerald, who owns a 1/6 interest, and the following five individuals, all of whom own a 13/1260 interest: Christopher Brooks, Christin Brooks, Christi Brooks, London Fitzgerald, and Tiarra Fitzgerald (13/1260).

The court finds that just compensation for MVP's permanent easement of 0.08 acres is $432 and that there are no damages to the remainder. Just compensation for the interest of Carabell Fitzgerald is $72 ($432 x 1/6), and just compensation for the interests of Christopher Brooks, Christin Brooks, Christi Brooks, London Fitzgerald and Tiarra Fitzgerald is $4.46 each.

**10. Case No. 7:22-cv-335, Property 2 of 2, VA-PI-5156 (Barbara Sloan Fitzgerald, et al.)**

This property is owned by multiple parties, but MVP has acquired all interests in the easements on the tract by agreement except for the interests of Carabell Fitzgerald, who owns a 1/6 interest, and the following five individuals, all of whom own a 13/1260 interest: Christopher Brooks, Christin Brooks, Christi Brooks, London Fitzgerald, and Tiarra Fitzgerald.

The court finds that just compensation for MVP's permanent easement of 0.21 acres is $1,701, and that just compensation for damages to the remainder of the property is $2,133. Just compensation for the temporary workspace easement of 0.14 acres is $604, which is the rental value of the land subject to the easement for a six-year term. The total compensation for this property is therefore $4,438. Just compensation for the interest of Carabell Fitzgerald is $739.67 ($4,438 x 1/6), and just compensation for the interests of Christopher Brooks, Christin Brooks, Christi Brooks, London Fitzgerald, and Tiarra Fitzgerald is $45.79 each ($4,438 x 13/1260).

### III.  CONCLUSION

For the reasons stated in this opinion, the court will grant MVP's motion for summary judgment as to just compensation as to all of the Non-answering Defendants in the amounts set forth above. Appropriate orders will be entered in each case. Where appropriate, the court's orders also will vest title to easements in MVP.

Entered: January 11, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge